UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTIE DRURY,

      Plaintiff,

v.                                        Civil Action No. 12-2012-JTM-DJW

WENDY'S OLD FASHIONED
HAMBURGERS OF NEW YORK, INC.,

      Defendant.

## MEMORANDUM AND ORDER

In this action, Plaintiff Christie Drury alleges that Defendant Wendy's Old Fashioned Hamburgers of New York, Inc. acted negligently by failing to properly remove dangerous conditions presented by ice and snow in a handicap-assigned space in Defendant's customer parking lot. Currently pending before the Court is Plaintiff's Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) (ECF No. 12). Plaintiff requests that the Court order Defendant to provide a more definite statement clarifying its designations of comparative fault. Plaintiff argues that, without such clarification, she would suffer undue prejudice, and would not be able to determine whether other parties should be named as defendants in her claim. Defendant opposes Plaintiff's motion, arguing that its designations do not fall under the purview of Fed. R. Civ. P. 12(e).[1] Defendant further argues that the Court's Scheduling Order does not require Defendant to do more in its designation than "identify all persons or entities whose fault is to be compared."[2] For the reasons set forth below, the motion is denied.

---

[1] Def.'s Mem. Opp'n (ECF No. 16) at 2, ¶ 5.

[2] *Id.* at 3, ¶ 9.

## I. Background Facts

On December 14, 2011, Plaintiff initiated this claim in Kansas state court. On January 6, 2012, pursuant to 28 U.S.C. § 1441, Defendant removed the action to this court. Plaintiff alleges that on or about December 30, 2009, she slipped and fell on ice and snow in Defendant's parking lot, suffering injuries to her back, neck, shoulder, and hip, among other things. According to Plaintiff, Defendant knew or should have known of the dangerous conditions, and failed or refused to take measures to make the area safe.[3]

Defendant Wendy's denies that it caused any of the injuries or damages Plaintiff allegedly suffered.[4] Specifically, Defendant asserts as an affirmative defense that any injuries or damages Plaintiff allegedly suffered "were caused or contributed to be caused, in whole or in part, by the contributory or comparative negligence or fault or other culpable conduct of [Plaintiff] and/or other persons or entities named or unnamed" in her complaint.[5]

On March 30, 2012, pursuant to Fed. R. Civ. P. 16(b), the Court conducted a telephone scheduling conference with the parties, at which time the Court ordered that, by April 20, 2012, any party asserting comparative fault shall identify all persons or entities whose fault is to be compared.[6] Defendant filed its comparative fault designation (ECF No. 11) on April 20, 2012, in which it identified the following as parties whose fault may be compared in this matter:

1. Christie Drury.
2. RS Unlimited, Inc.

---

[3] Pl.'s Compl. (ECF No. 1-1) at 2, ¶ 6.

[4] Def.'s Answer (ECF No. 4) at 2, ¶ 8.

[5] *Id.*

[6] Scheduling Order (ECF No. 7) at 9, ¶ 4a.

> 3. Unknown persons present at the scene of the incident at the time of or before the incident identified in plaintiff's Petition who will be identified during discovery in this matter.[7]

Plaintiff filed the instant motion in response to Defendant's designations, arguing that Defendant should be required to clarify its comparative fault designation. In support of her motion, Plaintiff asserts that Defendant failed to identify the nature of the business RS Unlimited, Inc. Additionally, Plaintiff asserts that Defendant failed to explain the legal nexus between Plaintiff and RS Unlimited, Inc. Plaintiff argues that she needs a more detailed statement of comparative fault to verify, by the May 11, 2012 deadline imposed by the Scheduling Order, whether any other parties should be named as defendants. Plaintiff further argues that she may be prejudiced in her claim if Defendant is not required to clarify its designations.

In opposition to Plaintiff's motion, Defendant argues that it has complied with the requirements set forth in the Court's Scheduling Order (ECF No. 7). In support of its position, Defendant argues that "[w]hether a person's or entity's fault can and/or will be compared once a case is submitted to the finder of fact is a determination that is not necessary . . . at this point, and clearly depends on the evidence adduced during discovery."[8] Because of the time between its comparative fault designations and the discovery deadline, Defendant argues that it is not required to provide a more detailed explanation of each person's or entity's relationship to the action. Rather, it asserts that "plaintiff may attempt to obtain discovery relating to the potential comparative fault of RS Unlimited, Inc."[9] Discovery in this case is scheduled to close August 13, 2012.

---

[7] Def.'s Comp. Fault Desig. (ECF No. 11).

[8] Def.'s Mem. Opp'n at 3, ¶ 8.

[9] *Id.*

## II.     Legal Standards

### A.     Fed. R. Civ. P. 12(e) – Motion for a More Definite Statement

Fed. R. Civ. P. 12(e) provides "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[10]  The Advisory Committee Notes to Rule 12(e) provide further instruction on when such a motion may be made: "the motion provided for is confined to one for more definite statement to be obtained *only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading* to the pleading in question."[11]  If a pleading is not one to which an answer or other responsive pleading is required, then a motion for a more definite statement is procedurally improper.[12]  Fed. R. Civ. P. 7(a) lists the pleadings to which a party may move for a more definite statement.[13]  These pleadings are:

> (1) a complaint; (2) an answer to a complaint: (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.[14]

### B.     Pleading Requirements for Affirmative Defenses

This Court has addressed the issue of pleading requirements for affirmative defenses in

---

[10]Fed. R. Civ. P. 12(e).

[11]Fed. R. Civ. P. 12(e) advisory committee's note (1946 Amendment)(emphasis added).

[12]*See McHan v. Grandbouche*, 99 F.R.D. 260, 265 (D. Kan. 1983) (holding that use of a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e) to respond to a motion for class action certification is improper).

[13]*Id.*

[14]Fed. R. Civ. P. 7(a)(1)-(7).

*Bowers v. Mortgage Electronic Registration Systems*.[15]  In *Bowers*, the Court explained that the Supreme Court's rulings in both *Bell Atlantic Corp. v. Twombly*[16] and *Ashcroft v. Iqbal*[17] focused on the pleading requirements for persons filing a complaint.[18]  "The Supreme Court did not address the pleading requirements of a responsive pleading and, thus, left the decision of whether these heightened pleading requirements apply to affirmative defenses . . . to the lower courts."[19]

In *Bowers*, this Court declined to apply the heightened pleading requirements of *Iqbal* and *Twombly* to affirmative defenses.[20]  It relied upon another District of Kansas decision, *Falley v. Friends University*,[21] which set forth how Fed. R. Civ. P. 8 differs with regard to pleading in a complaint versus an answer or other responsive pleading.  In declining to apply the heightened pleading requirements to affirmative defenses, this Court set forth the following rationale:

> Rule 8(a) governs the requirement for a party to state a claim for relief in a complaint.  In relevant part, a plaintiff seeking relief must make "a short and plaint statement of the claim *showing that the pleader is entitled to relief* . . . ."  However, 8(b) and 8(c) apply to pleadings made in responsive pleading.  Rule 8(b) applies to defenses in general.  This section only requires that a responding party "state in short and plain terms its defenses to each claim asserted against it . . . ."  With regard to affirmative defenses, a party "responding to a pleading" "must affirmatively state any avoidance or affirmative defense . . . ."

---

[15] *Bowers v. Mortg. Elec. Registration Sys.*, No. 10-CV-4141-JTM-DJW, 2011 WL 2149423, at *3 (D. Kan. June 1, 2011).

[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[18] *Bowers*, 2011 WL 2149423 at *3.

[19] *Id.*

[20] *Id.*

[21] *Falley v. Friends Univ.*, 787 F. Supp. 2d 1255 (D. Kan. 2011).

> In the sections that apply to responsive pleadings, sections 8(b) and (c), there is no additional phrase requiring a party to show why that defense is relevant or why the party is entitled to claim that defense. But that additional language does appear in 8(a), where the party making a claim in a complaint must state the claim *and* show why the party is entitled to relief. Unlike the plaintiff's requirements under 8(a), "a responding party asserting affirmative defenses is required to do no more than 'affirmatively state' such affirmative defense[s]."[22] Thus, the requirement[s] under Rule 8 for sections (b) and (c) are "markedly less demanding than that of Rule 8(a) . . . ." The plain language selected by the drafters implies "that the rationale of *Twombly* does not apply . . . where the pleading party bears no burden of showing an entitlement to relief."[23]

Thus, the Court concluded in *Bowers* that affirmative defenses are not subject to the heightened pleading requirements of *Iqbal* and *Twombly*.[24]

Consistent with its holding in *Bowers*, the Court will not apply the heightened pleading requirements of *Iqbal* and *Twombly* to Defendant's affirmative defense of comparative fault. Fed. R. Civ. P. 8(c) specifically lists contributory negligence as among the affirmative defenses that may be asserted in response to a pleading. The list of affirmative defenses contained in Rule 8(c), however, is not exhaustive. "Both federal and state courts in Kansas have recognized and referred to comparative fault as an affirmative defense."[25] Like contributory negligence, comparative fault as an affirmative defense is therefore not subject to the rationale and holdings of *Iqbal* and *Twombly*. A party asserting comparative fault must simply affirmatively state the defense.

---

[22]*Id.* (citing *Falley*, 787 F. Supp. 2d at 1258).

[23]*Id.* (internal citations omitted).

[24]*Id.*

[25]*Frame v. Salina Reg'l Health Ctr., Inc.*, No. 07-2442-JWL, 2008 WL 2559296, at *2 (D. Kan. June 25, 2008) (citing *Cuiksa v. Hallmark Hall of Fame Prods., Inc.*, No. 00-1389, 2004 WL 303553, at *3 (D. Kan. Jan. 26, 2004)).

**III.    Analysis**

    **A.**    **Plaintiff's Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e)**

Under the standard set forth in Fed. R. Civ. P. 12(e) and the accompanying advisory committee notes, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[26]  The Court finds Plaintiff's motion procedurally improper because Defendant's comparative fault designation is not a pleading to which a responsive pleading is allowed. Rule 12(e) is not applicable in this context. Plaintiff's Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(e) is therefore denied.

    **B.**    **Defendant's Comparative Fault Designations**

Though Plaintiff's motion for more definite statement is denied, the Court finds it important to discuss Defendant's comparative fault designation and Plaintiff's request for a more detailed statement explaining the legal nexus between RS Unlimited, Inc. and Plaintiff. In accordance with the Court's Scheduling Order, according to which Defendant was required to identify all persons or entities whose fault it wished to have compared, Defendant identified the persons and entities set forth above. Defendant argues that, under the language of the Scheduling Order, it is not required to provide any further information about the parties identified.[27] In light of the Court's decision in *Bowers*, the Court finds Defendant's argument persuasive.

---

[26] Fed. R. Civ. P. 12(e); *see also* Fed. R. Civ. P. 12(e) advisory committee's note (1946 Amendment).

[27] Def.'s Mem. Opp'n at 3, ¶ 9.

In support of its position, Defendant cites to the court's decision in *Tate v. QuikTrip Corp.*[28] In *Tate*, the scheduling order required the defendant to "identify all persons or entities whose fault [was] to be compared."[29] The defendant "specifically identified [the plaintiff] and Tom Bouton. [The defendant] also designated two categories of unspecified individuals-'customers or vendors of QuikTrip who would have walked over the subject rug within one hour prior to plaintiff's fall' and '[i]ndividuals, who are not employees or agents of defendant, who had responsibility for maintaining the subject rug.'"[30] The plaintiff moved to strike these designations of comparative fault as insufficient to put the plaintiff on notice because they failed to state facts in support of the proposed comparisons.[31] The *Tate* court held that, pursuant to Fed. R. Civ. P. 8(a), a party is not required to allege detailed facts establishing its affirmative defense.[32] Rather, the court held that a party "'must set forth factual allegations, either direct or inferential, respecting each material element necessary' to maintain their claim or defense."[33] Based on this interpretation of the requirements for notice pleading, the *Tate* court concluded that because the scheduling order did not instruct the defendant to do more than *identify* the persons or entities whose fault was to be considered, the defendant had satisfied the court's requirements.[34] The court further reasoned that

---

[28]*Tate v. QuikTrip Corp.*, No. 08-CV-1268-JTM, 2009 WL 211920, at *1 (D. Kan. Jan. 27, 2009).

[29]*Id.* at *2.

[30]*Id.*

[31]*Id.*

[32]*Id.*

[33]*Id.* (citing *Nwakpuda v. Falley's Inc.*, 14 F. Supp. 2d 1213, 1216 (D. Kan. 1998)).

[34]*Id.* at *2 (emphasis added).

the plaintiff was "free to employ various discovery methods to determine the factual allegations on which [the defendant intended] to rely to establish the potential fault of the identified third parties."[35]

With this in mind, Defendant argues that the nearly identical language of this Court's Scheduling Order only required Defendant to identify the persons or entities whose fault is to be compared. Defendant further argues, as the court reasoned in *Tate*, that Plaintiff may attempt to obtain discovery relating to the potential comparative fault of R.S. Unlimited, Inc. before the discovery deadline. According to Defendant, then, it is not required to provide additional information regarding the persons or entities it identified.

Based on the Court's review of the parties' arguments and prior case law, the Court finds that Defendant satisfied its requirements under Fed. R. Civ. P. 8(c) and the Court's Scheduling Order by identifying the persons or entities whose fault is to be compared. Under the standards set forth above, Defendant was not required to allege detailed facts about the persons or entities it identified in order to establish its right to compare fault with those parties or entities. Like in *Tate*, Plaintiff is free to conduct discovery to determine the factual allegations on which Defendant intends to rely to establish the potential fault of RS Unlimited, Inc.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for More Definite Statement (ECF No. 12) is denied.

**IT IS SO ORDERED**.

Dated this 19th day of June, 2012, at Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

---

[35] *Id.*